MORRIS SHEPPARD ARNOLD, Circuit Judge,
dissenting.
I concur in all of the court’s opinion except the holding that the presumption that the government is acting as parens patriae has been rebutted.
In order to qualify as one of the “very rare cases in which a member of the public is allowed to intervene in an action in which the United States ... represents the public interest,” the Association must make “a very strong showing of inadequate representation.” 7C Wright et al., supra, § 1909 at 342-43. The Association asserts that the government’s prior failures to embrace its view of the proper emphasis to place on conservation suffice to make that showing, but I do not think that they do. Although the Association and the government have differed over the issues relevant to this case in the past, the government has more recently demonstrated a strong inclination to champion the Association’s environmental concerns. In fact, as the court itself observes, the Snowmobilers initiated this case because the government’s snowmobiling limitations were more restrictive than those proposed in the 1991 wilderness plan, even though the Fish and Wildlife Service concluded that the wilderness plan posed no threat whatever to Park wildlife. The Association points to no specific evidence that the government has not diligently defended the relevant restrictions, or that it is likely to become irresolute in this respect in the future. In such circumstances, I cannot conclude that the Association has made a showing, much less a “very strong showing,” id., of inadequate representation by the government.
In fact, the present interests of the government and the Association are essentially identical, both tactically and substantively. See Sierra Club, 960 F.2d at 86. Both seek the continued enforcement of the snowmobiling restrictions. By doing so, both seek to prevent snowmobiling in large 'areas of the Park, thereby preserving the Park’s tranquility and going the extra mile to protect Park wildlife. It is true that conservation is but one of a panoply of interests that the government is obliged to represent. Id. But the fact that government is charged with representing the interests of all citizens, and that some citizens do not share the Association’s zeal for conservation, is not enough to overcome the presumption of adequate representation. If it were, the parens patriae doctrine would serve no useful purpose, because it would be rebutted in virtually every ease. It is important to understand that the government is not obliged to be as zealous about conservation as the Association is. It is merely obliged to be properly solicitous of conservation as one use among the many competing uses to which parks can be put. There is simply insufficient evidence in this *1305 record to rebut the presumption of proper governmental solicitousness.
I therefore respectfully dissent.